(43 Misc. Rep. 419.)

### BURKART v. JOHNSON et al.

(Supreme Court, Trial Term, Kings County. April, 1904.)

1. TRIAL—POSTPONEMENT—CALENDAR PRACTICE.

Under the practice of the King's county Trial Term, the calendar clerk makes a call from 500 to 1,000, marking the cases "Ready" when either side answers "Ready." When a cause reaches the day calendar, consisting of the reserve and the ready section, it is put on the reserve section, and, if marked "Ready," is passed for the day, and then passes to the ready section of the day calendar as the business proceeds. *Held*, that excuses for the postponement of trial must be presented while the case is on the reserve section, and will not be considered after it has passed to the ready section thereof.

Action by John Burkart against John W. Johnson and others. Motion by plaintiff to postpone cause on the day calendar. Denied.

Edward Herrmann, for plaintiff.
I. N. Sievwright, for defendant.

GAYNOR, J. The practice pursued by the attorney for the plaintiff in trying to postpone the trial is in direct opposition to the calendar rules of this county, which are printed on the calendar, and is indulged in altogether too much by members of the New York county bar. The affidavit submitted is that a witness is living in Buffalo, and has been for over a month, having moved there from Brooklyn; that an attempt was made to subpœna him at his former Brooklyn residence, when the fact of his removal was learned. It is not stated when this attempt was made, but I understand it was on or before last Friday (this being Monday), for the cause was on the day calendar that day.

This reveals gross negligence in preparing for trial. Also the affidavit of excuse comes too late; it should have been presented when the cause was on the "reserve" section of the day calendar.

Our calendar practice is this: The calendar clerk from time.to time makes a general call of from 500 to 1,000 causes in their regular order, marking each cause ready where either side answers ready. This call is notice to the bar that the causes thus called are about to be reached for

trial, and to go upon the day calendar in their order; and the purpose of it is to warn and enable attorneys to at once locate their witnesses and parties, and get ready for trial. Causes thus called begin to go on the day calendar in a few days, and inside of a month all of them will be thus reached, ordinarily. When a cause comes on the day calendar, it is put on the "reserve" section thereof, and passed for that day if marked ready on the call. No one has to be ready for trial on the first day a cause appears on the day calendar, i. e., on the reserve section. All excuses about witnesses and the like must be made on that day; that is what the reserve calendar is for; and also to take inquests and dismissals. The day calendar consists of two sections,. the "ready" section and the "reserve" section. After being called on the "reserve" section, as aforesaid, and marked ready, a cause moves up to the "ready" section the next day, or the next, according to the progress of the work, and must then be tried. The "ready" section, in a word, is made up of causes to be tried that day, and not for the purpose of listening to excuses.

Before a cause gets on the "ready" section of the day calendar, attorneys have had ample warning and time to get ready and to present their excuses, and if they fail to do so they violate the rules of the court, and such excuses come too late when the cause is on the "ready" section, and cannot be regarded. To regard such excuses on the "ready" calendar would be to break such calendar up daily. The Kings county bar have conformed to the practice, which is simple, and fair to all, with admirable results in keeping the courts busy, and doing away with the law's delay, and the consequent compelling of the ready side to dance attendance from day to day because of the sloth and disregard of the rules by the other side. The ready side is entitled to protection, and even to favor.

The motion to postpone is denied.