(Supreme Court, Appellate Division, Second Department.   November 28, 1906.)

CARRIERS—STREET RAILROADS—TRANSFERS—CONTINUOUS TRIP.

　　One who, taking a street car to go home, while in conversation with a friend, is taken beyond the point at which he would have transferred by the usual route to reach his home, and, seeking to reach his home by transferring from line to line, is finally refused a transfer, is not making a "continuous trip," within Railroad Law, Laws 1892, p. 1406, c. 676, § 104, requiring a street railway company "to carry between any two points　*　*　*　any passenger desiring to make one continuous trip between such points for one fare," so that he may not recover the penalty for refusal of a transfer.

　　Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

　　Action by Bartholomew Hunt against the Brooklyn Heights Railroad Company.   From a judgment for defendant, plaintiff appeals. Affirmed.

　　Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

　　Charles H. Herdt, for appellant.

　　Charles A. Collin, for respondent.

　　HOOKER, J.   The plaintiff, having been refused a transfer, brought this action, claiming to recover a penalty of $50 provided by section 104 of the railroad law (Laws 1892, c. 676, p. 1406), was defeated, and appeals.   He left his office, on the day he met the refusal, intending to go to his home, and, being invited by a friend, took a car, and, visiting with his friend, rode beyond the point where he would have transferred by the usual route to reach his home, and kept on riding away from his ultimate destination.   Having finished his visit, he sought to reach his home by transferring from line to line, but was finally refused a transfer, and now accounts himself aggrieved by what he alleges was defendant's violation of the provisions of section 104 of the railroad law.   By that section the street railway company is required "to carry between any two points   *   *   *   any passenger desiring to make one continuous trip between such points for one single fare."   The plaintiff's trip was not continuous as the term is used in this section.   He was making two trips—the first to last as long as his visit with his friend was incomplete; the second to reach home from the point where his visit ended.

　　The judgment should be affirmed, with costs.   All concur.

---

LOEHR v. BROOKLYN FERRY CO.

(Supreme Court, Appellate Division, Second Department.   November 21, 1906.)

1. CONTINUANCE—GROUNDS—CALENDAR PRACTICE.

　　Where a cause appears on the reserve section of the day calendar and is marked "Ready," and moves up to the ready section of the day calendar, excuses for postponement of the trial are too late, except such as arise after the ready section is reached.

**2. SAME.**

A cause had been placed on the ready section of the day calendar. Defendant was ready with witnesses and counsel. Both sides had answered "Ready." On the following day, when the cause was reached for trial, plaintiff's attorney stated that he had not had sufficient time to prepare for trial. *Held*, that the court had no authority against the objection of defendant to put the cause off and set it down for trial on a subsequent date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 14.]

**3. JUDGMENT—DEFAULT—SETTING ASIDE—GROUND.**

A cause was placed on the reserve section of the day calendar and both parties answered "Ready." On the following day it was on the ready section. An affidavit was then presented on plaintiff's side, averring that a certain attorney was to try the case and the court was requested to pass the cause for the day. No excuse was given. The trial judge dismissed the complaint on plaintiff refusing to go on with the trial. *Held*, that a motion to open the default on the ground that the office clerk of plaintiff's attorney did not think the case would be reached for trial that day was properly denied.

[Ed. Note.—For cases, in point, see Cent. Dig. vol. 30, Judgment, § 282.]

Woodward and Rich, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by Annie Loehr, as administratrix of Frank Leohr, deceased, against the Brooklyn Ferry Company. From an order granting a motion to open a default judgment dismissing the action, defendant appeals. Reversed, and motion denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

John J. Kirby, for appellant.

Charles H. Levy, for respondent.

GAYNOR, J. The cause being reached for trial in the Kings Trial Term the plaintiff would not proceed with the trial, and the complaint was dismissed. The default, if it may be so designated, should not have been opened.

The action is for damages for alleged negligence by which the plaintiff's decedent was killed. It was begun in April, 1903. It was reached on the regular Friday advance call of the general calendar to ascertain what causes are to be tried in the ensuing month, and the plaintiff answered ready. It then came on the day calendar on April 20th, 1904, but was marked off at the request of the plaintiff. It was then allowed to rest until April, 1905, when the plaintiff gave the required notice of five days under the calendar rules setting it down for trial. On May 11th it appeared on the reserve section of the day calendar pursuant to such notice, and was answered ready for trial by both sides. This section of the calendar is called to ascertain what causes are ready and to hear any excuses or requests for postponement. The causes marked ready thereon then move up to the ready section of the day calendar next day or as soon as may be in the dispatch of business, and have to be tried. The time for excuses is passed, except such excuses as arise after the ready section is reached. The system is established by calendar rules. Burkart v. Johnson, 43 Misc. Rep. 419, 89 N. Y. Supp. 479; Herbert Land Co. v. Lorenzen, 113 App. Div. 802,

99 N. Y. Supp. 937; Iron Clad Mfg. Co. v. Steffen (Sup.) 100 N. Y. Supp. 196.  This cause then came on the ready section of the day calendar, and was still there on May 15th.  The defendant was ready, with fifteen witnesses and also with counsel specially retained to try the case. Both sides again answered ready, as they had done right along.  Next day the cause was still on the day calendar, and when reached for trial the plaintiff's attorney stated to the court that he had not had sufficient time to prepare and was not ready—this notwithstanding that he had answered ready on May 11th and each day thereafter to May 16th. Nevertheless, and without any affidavit being submitted as the calendar rules require, and against the objection of defendant's counsel, the trial judge put the cause off and set it down for trial on October 5th. No excuse whatever was given by plaintiff's attorney; he simply said he had not had time enough, although the action had been pending for over two years, and he had answered ready on May 11th, and thereafter until May 16th.  He had been substituted as plaintiff's attorney six months before.  The putting of the cause off until October was a plain injustice to the defendant, and contrary to the rules.  The side that accepts and conforms to the rules of court, and is diligent and respectful, is entitled to the protection of the court.  It should not be made the victim of the other side's refusal to observe rules, and its lack of diligence and respect for the administration of justice.

The cause again appeared on the reserve section of the day calendar on October 5th, and was answered ready by both sides.  Next day it was on the ready section.  An affidavit was then presented on the plaintiff's side that Mr. Davis was to try the cause, and the court was requested to pass the cause for the day.  No excuse for passing the cause was given.  The trial judge marked the cause ready, and dismissed the complaint on the plaintiff refusing to go on with the cause. The excuse given on the motion to open the default is that the case was so far down on the list that the office clerk of plaintiff's attorney did not think it would be reached for trial that day.  This cannot be taken as an excuse.  It is for the trial judge to control the calendar, and not attorneys and clerks.  It is impossible for a judge who calls the day calendar to keep the several parts of court supplied with work unless the calendar rules are observed, and they should be observed.

Finally, the plaintiff waited for over seven months before making the motion to open the default.

The order should be reversed and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs.  All concur, except WOODWARD and RICH, JJ., who dissent.