judgment and order of the City Court should be reversed, and a new trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN in the reversal of this judgment. I am inclined to think, however, that the statute of limitations commenced to run when the cause of action accrued and that the six-year statute of limitations applied. The commencement of the action against the defendant's co-obligor could not in any way affect this judgment against the defendant; he stood in exactly the same relation to the plaintiff as before the commencement of that action, and the cause of action against him was, I think, barred in this case six years after it accrued.

By section 1933 of the Code of Civil Procedure, the judgment in the former action was evidence only against the defendant upon whom the summons was served, or who appeared in the action; except as against the defendant not served, such a judgment was evidence only to the extent of the plaintiff's demand after the liability of the defendant not served had been established by other evidence. In this it seems to clearly follow that the right to recover is based upon the original cause of action, and not in any way upon the judgment against the joint debtor who was served. Now, if it appeared when the new action authorized by section 1937 of the Code of Civil Procedure was commenced that the defendant was not liable upon the original cause of action either because there was no joint liability, or because the claim was barred by the statute of limitations, or for any reason, it seems to me that no cause of action was proved, and the action should not be maintained. The fact that the statute of limitations was a bar where the statute had run after the entry of judgment in the first action is a defense which arose after the first judgment was rendered, because it was only when the statute had run that it became available as a defense, and this defendant would then interpose such defense under section 1939 of the Code of Civil Procedure.

As this action was commenced many years after the statute of limitations had run against the plaintiff's claim, I think the six-year statute of limitations was a good defense, and for that reason the judgment should be reversed.

(116 App. Div. 851)
ROSENFELD v. CENTRAL VERMONT RY. CO.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

JUDGMENT—DEFAULT—VACATION—GROUND.

A cause was ordered on the day calendar for a specified day. On the call of the calendar on that day, an affidavit for an adjournment, by a sister of plaintiff's attorney, averred that he was ill with an attack of "inflammation of, the sinews," and that his condition required a rest from business for a few days. An adjournment was denied, but the case was held until the next day. The person in charge of plaintiff's attorney's office was informed that the case would be tried that day,

or a sufficient affidavit for an adjournment presented. The next day no one appeared for plaintiff, and the cause was dismissed. On a motion to open the default the affidavit for the adjournment was presented, together with an affidavit by the attorney for plaintiff, averring that his illness was inflammation of the sinews of his right hand, which incapacitated him from work. His affidavit also stated that he had attempted to find plaintiff, but had failed to do so. *Held*, that the default was improperly set aside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 282, 288.]

Appeal from Special Term, Kings County.

Action by Morris Rosenfeld against the Central Vermont Railway Company. From an order opening a judgment of dismissal taken against plaintiff on his default, defendant appeals. Reversed, and motion to open default denied.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and RICH, JJ.

Martin S. Lynch for appellant.

Abraham B. Schleimer, for respondent.

GAYNOR, J.  This cause was on October 1st, 1906, ordered on the day calendar for October 15th, on the defendant's motion, a former judgment therein for the plaintiff having been reversed.  97 N. Y. Supp. 905.  On October 13th the clerk of the plaintiff's attorney brought an affidavit to the attorney for the defendant, and asked him to present it to the court on the call of the day calendar on October 15th and try to get an adjournment for a few days.  This the attorney for the defendant consented to do.  The affidavit was by the sister of the plaintiff's attorney.  It stated that the said attorney was taken suddenly ill on October 12th "with an attack of inflammation of the sinews"; that he was under the care of a doctor named, "that his condition is such as to require a rest from business for a few days" and that "he is very ill today, and is in bed, unable to leave the house."

The defendant's attorney presented the affidavit to the court on the morning call, as the rules require, the presentation of excuses orally being prohibited by such rules.  The learned judge presiding ruled that the affidavit was insufficient and marked the cause ready, but on the request of the attorney for the defendant held it until next day, stating that if it were not tried then it would be put at the foot of the general calendar.  The said attorney forthwith communicated these facts to the office of the plaintiff's attorney, and informed the person in charge that he would be ready for trial next day, and that some one must be present to take charge of the plaintiff's side with a sufficient affidavit if an adjournment was to be had.  The next morning no one appeared for the plaintiff.  The case was held until noon, and then dismissed by the court.

This motion to open the default was made on the said affidavit presented for a postponement, and also on the affidavit of the plaintiff's attorney.  This latter reveals for the first time what "sinews" of the said attorney were inflamed; what his illness was; viz., "inflammation

of the sinews of my right hand * * * which illness has incapacitated me from any work."

No trial judge could be expected to postpone a cause on such an affidavit as was presented to him. He has to protect the other side as well as the court from imposition. The doctor and the attorney refrained from making an affidavit. But in addition to this the plaintiff's attorney failed to send any one to answer the case next day; it was abandoned. There was no default through inadvertence, mistake or accident, but a willful abandonment of the case. Nevertheless the learned justice at Special Term opened the case and reinstated it for trial, and without terms. This practice should not be continued. The side that is diligent, respectful of the court and the administration of justice, and observant of the rules, should not be made the victim of those who are not. Loehr v. Brooklyn Ferry Co. (Sup.) 101 N. Y. Supp. 209.

Moreover, the affidavit of the plaintiff's attorney states that when he was served with the motion papers to put the cause on the day calendar (viz., about October 1st) he notified the plaintiff by several letters and a telegram to call and see him, but he could not be found, and has not been found, having moved to some place unknown. "I have tried my best efforts to find the plaintiff, but said plaintiff could not be found," are the final words of such affidavit on this head.

The order should be reversed and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.